IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EARL DORSEY, ) | |
| ) | Civil Action No. 16 - 1485 |
| Petitioner, ) | |
| ) | |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| JAE LANE and THE ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | ECF No. 9 |
| PENNSYLVANIA, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Pending before the Court is a Motion to Dismiss for Lack of Jurisdiction filed by Respondents on November 9, 2016. (ECF No. 9.) Respondents request that this Court dismiss the Petition for Writ of Habeas Corpus filed by Petitioner James Earl Dorsey (ECF No. 1) as a second or successive petition for which this Court lacks jurisdiction to consider because Petitioner did not obtain authorization to file it from the Third Circuit Court of Appeals. For the following reasons, Respondents' Motion will be granted and the Petition will be dismissed.

### A. Second or Successive Habeas Petitions

AEDPA mandates that before a state prisoner may file a second or successive habeas corpus petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). *See, e.g.*, Magwood v. Patterson, 561 U.S. 320 (2010). Once a petitioner moves for authorization to file a second or

successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). *See* U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. *See, e.g.*, Burton v. Stewart, 549 U.S. 147 (2007).

## B. Discussion

This is Petitioner's second federal habeas petition challenging his 1996 sentence of life imprisonment for a first degree murder conviction. He filed his first petition in this Court on April 10, 2007, docketed at Civil Action No. 07-509, and that petition was dismissed by Order dated July 30, 2008. *See* Dorsey v. Wilson, No. 07-509, (W.D. Pa.) (ECF Nos. 1, 18.) Following dismissal of his petition, Petitioner sought a certificate of appealability from the Third Circuit Court of Appeals, docketed at No. 08-3456, but that request was denied on January 28, 2009. He petitioned for rehearing, but the Third Circuit denied his petition on March 6, 2009. On May 15, 2009, Petitioner filed a Petition for Writ of Certiorari in the Supreme Court of the United States, docketed at No. 08-10497. The Supreme Court denied that petition on October 5, 2009, and denied his petition for rehearing on November 30, 2009.

On February 10, 2016, Petitioner filed an Application for Leave to File a Second or Successive Petition Pursuant to 28 U.S.C. § 2244 in the Third Circuit Court of Appeals, which was docketed at No. 16-1629. On February 29, 2016, the Third Circuit denied the application.

Petitioner argues that the instant Petition for Writ of Habeas Corpus is not a second or successive petition because his claims involve newly discovered evidence; specifically, suppressed exculpatory evidence that he did not discover until his co-defendant received relief in

2

2011. (ECF No. 14, p.4.) He contends that his case "falls within the scope of Panetti v. Quarterman, [551 U.S. 930 (2007)], where [his] claims did not come available until well after his initial habeas corpus petition was filed and adjudicated." Id.

First, Panetti is inapplicable to Petitioner's situation. In Panetti, the Supreme Court held that "'[t]he statutory bar on 'second or successive' applications does not apply to a Ford [incompetency] claim brought in an application filed when the claim is first ripe." 551 U.S. at 947. It did not extend its holding beyond Ford based incompetency claims.[1]

Second, in Magwood v. Patterson, 130 S. Ct. 2788 (2010), the Supreme Court expressly rejected the approach that would require a district court to look at each claim individually and determine whether it could have been raised in the petitioner's prior habeas petition. It held that the "second or successive" determination is made *as to a petition as a whole, not as to claims within a petition*:

> AEDPA uses the phrase "second or successive" to modify "application." *See* §§ 2244(b)(1), (2). The State reads the phrase to modify "claims." *See, e.g.,* Brief for Respondents 51 ("Congress' intent for AEDPA was to eradicate successive claims"). We cannot replace the actual text with speculation as to Congress' intent. We have previously found Congress' use of the word "application" significant, and have refused to adopt an interpretation of § 2244(b) that would "elid[e] the difference between an 'application' and a 'claim,' " *Artuz [v. Bennett,* 531 U.S. 4, 9, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)) ]; *see also Gonzalez v. Crosby,* 545 U.S. 524, 530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) ("[F]or purposes of § 2244(b), an 'application' for habeas relief is a filing that

---

[1] To the extent Petitioner relies on the unpublished Third Circuit opinion of Johnson v. Wynder, 408 F. App'x 616 (3d Cir. 2010), this Court does not regard that opinion as binding precedent. *See* Clark v. Prudential Ins. Co. of America, 736 F.Supp.2d 902, 939 (D.N.J. 2010). The court in Johnson stated that it "[saw] no reason to avoid applying Panetti in the context of other types of claims that ripen only after an initial federal habeas petition has been filed." Id. at 619. However, Johnson did not involve a Brady claim and no court in this Circuit has ever applied this so called "ripeness" exception to Brady claims as Petitioner requests this Court to do. Nevertheless, that Petitioner was allegedly unaware of the factual predicate underlying his Brady claims when he filed his first habeas petition does not excuse him from the AEDPA's procedural requirements, as the factual predicate for those claims existed at the time.

> contains one or more 'claims' "). Therefore, although we agree with the State that many of the rules under § 2244(b) focus on claims, that does not entitle us to rewrite the statute to make the phrase "second or successive" modify claims as well.

Id. at 2798.

The Supreme Court set forth what it referred to as a "straightforward rule" to determine whether a later-in-time petition falls within § 2244(b): **"where ... there is a 'new judgment intervening between two habeas petitions,' ... an application challenging the resulting new judgment is not 'second or successive' at all."** Id. at 2802. It then concluded that because Magwood's first habeas petition challenged the judgment entered by the state court after his 1981 trial, and his second habeas petition challenged the intervening judgment entered after his 1986 resentencing, the latter petition was not "second or successive." Therefore, although Magwood had had the opportunity to raise the fair-warning claim in his first habeas petition, neither that claim nor the 1997 petition in which it was raised was subject to the provisions of § 2244(b). Id. at 2801–03.

The Supreme Court has stated that the phrase "second or successive" refers to a habeas petition that challenges a judgment that was at issue in a prior habeas petition. *See* Magwood, 130 S. Ct. at 2796-97; *see also* U.S. v. Winkelman, 746 F.3d 134, 135 (3d Cir. 2014). Here, Petitioner challenges the same judgment of sentence that he contested in his April 10, 2007 habeas petition docketed at Civil Action No. 07-509. Petitioner did not received authorization from the Third Circuit to file the instant Petition for Writ of Habeas Corpus, and therefore, it must be dismissed for lack of jurisdiction.

4

## C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition should be dismissed for lack of jurisdiction. Accordingly, a certificate of appealability will be denied. An appropriate Order will issue separately.

Dated: December 15, 2016.

Lisa Pupo Lenihan
United States Magistrate Judge

Cc: James Earl Dorsey
CZ-6171
SCI Fayette
Post Office Box 9999
LaBelle, PA 15450-9999
(Via First Class Mail)

Counsel of record
(Via CM/ECF mail)

5